OPINION
{¶ 1} Objector Evangeline Fouras appeals a judgment of the Court of Common Pleas, Probate Division, of Licking County, Ohio entered after a remand to reconcile certain findings of fact and conclusions of law with its award of attorney fees. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN AWARDING $30,000.00 TO ATTORNEY G. RAND SMITH FROM ESTATE FUNDS FOR LEGAL SERVICES RENDERED.
 {¶ 3} "II. TRIAL COURT ERRED IN AWARDING ANY FEE TO ATTORNEY SMITH PRIOR TO EVEN RENDERING ITS OPINION HEREIN."
 {¶ 4} Alexios Fouras died testate on August 18, 1993. His will provided for a testamentary trust to be established for the benefit of his minor children from his second marriage. The remainder of the estate was to be paid to his surviving wife, the appellant here. The decedent's son by his first marriage was appointed the executor of the estate. The attorney for the executor and the estate was C. William Dawson.
 {¶ 5} As the administration of the estate proceeded, appellant began to have concerns over the way the executor and Attorney Dawson were handling the estate. Appellant engaged an attorney and filed numerous motions. In 1995, appellant moved to have the executor removed, alleging the estate had not been properly administered, the duties of the executor had been neglected, and this neglect or possibly more serious conduct had cost the estate thousands of dollars in lost income and penalties. Appellant also requested the court award her attorney fees from the estate.
 {¶ 6} In 1996, the executor filed a motion for instructions and presented the court with a document which purported to be an inter vivos revocable trust executed by the decedent. Litigation continued, and one of the major controversies was attorney fees for Attorney Dawson and for attorney G. Rand Smith, who was hired to defend the executor and Dawson from appellant's allegations.
 {¶ 7} This is the fourth time this case has come before us. In the original 1999 appeal, this court found because the trial court did not provide sufficient findings of fact and conclusions of law, there was no final appealable order, and we remanded the matter back to the trial court, see 99-CA-52, -53, and -55.
 {¶ 8} The second appeal dealt with several matters not directly related to the issue of attorney fees, although we alluded to the court's failure to comply with our remand.
 {¶ 9} On remand, the trial court adopted the findings of fact and conclusions of law purposed by appellant, excepting any which conflicted with its earlier judgment. The third appeal dealt with a myriad of issues, including the question of Attorney Smith's attorney fees. This court found in the absence of a transcript we must assume regularity in the court's findings of fact. This court remanded the matter directing the trial court to make further findings regarding the payment of $30,000.00 to Attorney Smith, see 2003-CA-00049 and -00052.
 {¶ 10} The trial court entered yet another judgment in response to our remand, and this appeal ensued.
 I. {¶ 11} In her first assignment of error, appellant challenges the award of attorney fees to Attorney Smith.
 {¶ 12} Attorney Smith filed monthly itemized bills for services provided to the estate, and in 1998 submitted a final bill with the trial court. The bill for his services totaled $61,270.00 before interest. The court awarded no attorney fees for Attorney Dawson, who had submitted a bill for more than $70,000, and no executor fees for the executor, Dean Fouras, who had requested more than $26,000. The court overruled all appellant's motions for attorney fees, litigation expenses, expert witness fees, and sanctions. The court overruled the executor's request for expert witness fees to be paid with estate funds. The court directed the witness fee, and Smith's fees exceeding the $30,000, should be paid by the executor and the attorney for the estate in equal shares.
 {¶ 13} In its 1999 judgment the court found Attorney Smith had been retained by the executor pursuant to a written fee agreement, to litigate appellant's accusations of malfeasance against Dawson and the executor. The court found after Smith was hired, he, not Dawson, acted as counsel for the estate.
 {¶ 14} By separate judgment entry, the court found the $30,000.00 fee is reasonable and represented services benefiting the estate. The court specifically disallowed any amount in excess of $30,000.00, and found the balance of Smith's fees would be more appropriately borne by Attorney Dawson and the executor, because they had benefited from some of Smith's services.
 {¶ 15} As stated supra, the court adopted appellant's proposed findings of fact and conclusions of law in 2003. The findings of fact reflect the animosity amongst the parties and the attorneys. One of the findings of fact stated Smith's services only involved litigating Attorney Dawson's entitlement to his legal fees for representing the estate and the executor's entitlement to his statutory compensation. One of the conclusions of law found Attorney Smith should not have been paid from the estate assets and he should refund the $30,000.00 previously paid. The court later entered a judgment to clarify, affirming its earlier award of partial fees of $30,000 to Smith and repudiating any findings of fact or conclusions of law inconsistent with the award.
 {¶ 16} The judgment entry before us now reiterated the payment of $30,000.00 was for services which benefited the estate and is reasonable. The court indicated it had reviewed bills and applications which specified and itemized the dates of services rendered, the nature of the services rendered, the time expended, and the hourly rate. The trial court once again found the $30,000.00 award is reasonable, but the balance of Attorney Smith's bill related directly to the exclusive personal benefit of Attorney Dawson and the executor. The judgment entry states the court considered the factors set forth in DR2-106 and Sup. R. 71 in determining the reasonableness of the fees.
 {¶ 17} The court also noted Attorney Dawson had requested over $70,000.00 in fees and the executor over $26,000.00 in fees, but pursuant to the court's earlier order, the estate paid nothing to either party. The court found some of Smith's services had saved the estate Attorney Dawson's fees as well as the executor's fees. The court found Attorney Smith had refuted some spurious and unfounded allegations made by appellant against Dawson. The court specifically found these services were also a benefit to the estate. The court had earlier found some of appellant's actions had improperly created or added to the litigation which generated the fees.
 {¶ 18} The record indicates all appellant's accusations of misfeasance were directed at Dawson and the executor, and not at Smith. Throughout the case, the court indicated it believed appellant, her attorney, Dawson, and the executor had all engaged in behavior detrimental to the estate, and this is the reason the court awarded no fees or compensation from the estate to any of them.
 {¶ 19} The record contains itemized bills from Attorney Smith and from Attorney Dawson, which the court compared in determining Smith had taken over some of Dawson's duties as attorney for the estate. The record makes it clear over the past ten years the trial court has exhaustively examined and re-examined the issue of who is entitled to payment from the estate, and in what amount.
 {¶ 20} We have reviewed the extensive record which has accumulated over the past thirteen years since decedent's death. We find the record contains specific information from which the trial court could determine to what extent Attorney Smith's actions benefited the estate. The trial court's judgment entry, read in conjunction with the previous ones, adequately explains its reasons for the award of attorney fees. While Attorney Smith performed some work to the exclusive benefit of the executor and Dawson, Smith also defended them from spurious claims, to the estate's benefit. Attorney Smith's actions benefited the estate by reducing or negating the claims of Dawson and the executor. Certain of appellant's allegations were unfounded and had caused the estate to incur some of Smith's attorney fees.
 {¶ 21} The first assignment of error is overruled.
 II {¶ 22} In her second assignment of error appellant argues the court should not have awarded fees until final judgment. R.C.2113.36 provides the court may fix the amount of fees at any time during the administration of the estate. As the trial court noted, Rule 71(B) of the Rules of Superintendence for the Courts of Ohio permits the court to approve attorney fees before the final account is filed if the court finds good cause shown.
 {¶ 23} The second assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Licking County, Ohio, is affirmed.
Gwin, J., Wise, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Licking County, Ohio, is affirmed. Costs to appellant.